IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BENJAMIN LEE HENDRICKS )
)
v. ) NO: 3:15-1319
)
WILLIAMSON COUNTY, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered December 8, 2015 (Docket Entry No. 3), the Court granted the application of the *pro se* prisoner Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915 and referred this prisoner civil rights action to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Plaintiff's motion to dismiss the action without prejudice under Rule 41(a)(2). *See* Docket Entry No. 73. The motion is opposed by Defendants, who contend that the action should be dismissed with prejudice. *See* Docket Entry Nos. 74, 76, and 78. For the reasons set out below, the Court recommends that Plaintiff's motion for dismissal without prejudice be granted.

## I. BACKGROUND

On November 25, 2015, Plaintiff filed this lawsuit while he was a pre-trial detainee at the Williamson County Jail ("Jail") in Franklin, Tennessee. As per Plaintiff's most recent filing in the

action, he is no longer an inmate at the Jail and has been extradited to a correctional facility in Ohio. *See* Docket Entry No. 80. Plaintiff brings claims under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, the Religious Freedom Restoration Act, the Americans with Disabilities Act, and the Rehabilitation Act of 1973, as well as claims under state law, and names 21 Defendants and 25 "John/Jane Doe" Defendants. Plaintiff's claims are based upon allegations of poor conditions of confinement and a lack of medical care at the Jail, alleged restrictions upon his ability to access the courts and religious services, and alleged discrimination against him. He seeks monetary relief and demands a trial by jury.

By the Order of referral, the claims against five Defendants[1] were dismissed. *See* Docket Entry No. 3 at 3. Answers have been filed by Williamson County, Tennessee, and Kristyn Burke ("the Williamson County Defendants"), *see* Docket Entry No. 21, and Southern Health Partners, Inc., Charles Sidberry, Darren Leonard, Shawna Yarbrough, Erin Wilson, Kevin Boyd, Chasity Corriveau, and Charley Beasley ("the SHP Defendants"). *See* Docket Entry No. 40. Defendants John Parker, Susan Siedentop, Kevin Weaver, Terrance Howard, and Bernard Pike ("the BOP Defendants"), have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Docket Entry No. 50.[2] A scheduling order was entered on March 2, 2016, setting out deadlines for the progression of pretrial activity in the action, *see* Docket Entry No. 56, and the parties have engaged in at least some discovery. There are several pretrial motions that are currently pending: 1) Plaintiff's motion to amend the Complaint (Docket Entry No. 60); 2) the SHP Defendants' motion

---

[1] Williamson County Sheriff's Department, Sheriff Long, Lt. Wagonwright, Sgt. Vandenbosch, and Sgt. Sutton.

[2] Process has not been returned executed for Defendant R.N. Scott. *See* Docket Entry No. 19.

2

for the entry of a protective order to limit discovery (Docket Entry No. 65); 3) the Williamson County Defendants' motion to amend their answer (Docket Entry No. 70); 4) Plaintiff's motion to amend the scheduling order (Docket Entry No. 69); 5) the SHP Defendants' motion for an extension of time to propound written discovery (Docket Entry No. 79); and 6) Plaintiff's motion for an extension of time to respond to Defendants' opposition to his motion to voluntarily dismiss (Docket Entry No. 80). Additionally, as part of their objections to Plaintiff's request for dismissal without prejudice, the SHP Defendants have filed their own motion to dismiss the claims against them with prejudice. *See* Docket Entry No. 74.

## II. ANALYSIS

On May 11, 2016, Plaintiff filed a motion to withdraw his claims under Rule 41(a)(2). He asserts that his extradition to Ohio will result in either his release or his continued incarceration in Ohio and that these events will "disrupt the proceedings in this Court." *See* Docket Entry No. 73 at 1. He further contends that he will be unable to keep information obtained in discovery confidential. *Id.*

Defendants oppose the motion, arguing that the Court should, instead, enter an order dismissing the action with prejudice, in the alternative, enter an order denying Plaintiff's motion. *See* Docket Entry No. 74.[3] Defendants argue that Plaintiff has not offered a sufficient explanation for his need to take a dismissal and that a dismissal without prejudice would cause them to suffer plain legal prejudice in light of the effort and expense that they have expended to defend against

---

[3] The Williamson County Defendants and the BOP Defendants join in the motion to dismiss and the arguments for dismissal with prejudice made by the SHP Defendants. *See* Docket Entry Nos. 76 and 78.

Plaintiff's claims. *Id*. at 6-7 and 9-10. They further argue that, pursuant to the provisions of 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* should not have been granted because his history of litigation in Ohio shows that he has, on three prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim on which relief can be granted. *Id*. at 7-9.

Plaintiff has not met the provisions of Rule 41(a)(1) to dismiss his lawsuit without an order of the Court. Accordingly, his request for a voluntary dismissal is governed by Rule 41(a)(2), which provides that "an action may be dismissed upon the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." The granting of a dismissal motion under Rule 41(a)(2) is within the sound discretion of the district court and will be found to be an abuse of discretion "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second law suit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). (internal citations omitted). Factors to be considered by the Court in determining whether plain legal prejudice exists are:

1. the defendant's effort and expense of preparation for trial;

2. whether there is excessive delay and a lack of diligence on the part of the plaintiff in prosecuting the action;

3. the sufficiency of the plaintiff's explanation for the need to take a dismissal; and

4. whether a motion for summary judgment has been filed by the defendant.

*Id*.

The Court understands the frustrating position in which Defendants find themselves in facing the potential of being sued again by Plaintiff. Nonetheless, after weighing the relevant factors, the Court does not find that the order of dismissal occasioned by Plaintiff's Rule 41(a)(2) request should be with prejudice. There has not been a summary judgment motion filed by Defendants, and there has been no showing of excessive delay or lack of diligence on the part of Plaintiff in prosecuting the action. Although the parties have engaged in some discovery and although Defendants have encumbered some costs of litigation to date,[4] extensive written discovery and/or depositions do not appear to have taken place and no trial date has been set.[5] Surely, no specific trial preparation has been conducted by Defendants at this point. Plaintiff's explanation that continuing with an out-of-state lawsuit will be difficult for him given his recent extradition to Ohio and the uncertainty of whether he will be released or remain incarcerated, while somewhat general, has some merit, and the Court takes into account Plaintiff's *pro se* and incarcerated status in weighing this explanation. Defendants' contention that they will suffer plain legal prejudice if this action is dismissed without prejudice is unpersuasive. Furthermore, the provisions of Rule 41(d) provide an avenue of relief to Defendants in the event that Plaintiff re-files a subsequent action against Defendants based upon the same claims and allegations as set out in the instant lawsuit. *See Noel v. Guerrero*, 479 Fed.App'x. 666, 670 (6th Cir. 2012).

---

[4] The SHP Defendants indicate without specifics that they have incurred "considerable expense in attorney fees and other costs." *See* Docket Entry No. 75 at 6. Via the affidavit of Lea Ann Thompson, the Williamson County Defendants state that they have incurred a total of $141,449.00 in legal fees defending this action. *See* Docket Entry No. 77. This figure is remarkable to the Court given the procedural posture of the case and the issues involved.

[5] The SHP Defendants' pending motion of entry of a protective order limiting their responses to Plaintiff's discovery requests and their pending motion for an extension of time to propound written discovery both indicate that discovery is still ongoing.

Defendants' arguments concerning Plaintiff's *in forma pauperis status* is somewhat misplaced. Defendants have shown no authority for the argument that an improperly granted application to proceed *in forma pauperis* is either a factor for consideration in the Rule 41(a)(2) analysis or an independent basis for dismissal of an action with prejudice as Defendants seek. To the contrary, the normal consequence for a plaintiff upon the revocation of *in forma pauperis* status would appear to be, 1) an order requiring Plaintiff to pay the full filing fee, or the remaining portion of the fee due, in order to continue the action, and, 2) a dismissal of the action without prejudice if the filing fee was not paid as directed by the Court. *See Wilson v. 52nd District Court*, 2002 WL 1009561 *2 (E.D. Mich. Apr. 25, 2002) (revoking *in forma pauperis* status and dismissing complaint without prejudice to refiling upon payment of filing fee). The decision of whether Section 1915(g) applies relates solely to the issue of payment of the filing fee and does not reach the merits of a plaintiff's claims. *See Peebles v. Bradshaw*, 110 Fed.App'x. 590 (6th Cir. 2004).[6] Accordingly, a dismissal with prejudice must be based upon a showing of more than merely an improperly granted *in forma pauperis* application. Such a showing has not been made by Defendants.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Plaintiff's request to withdraw his lawsuit under Rule 41(a)(2) (Docket Entry No. 73) be GRANTED and that Plaintiff be permitted to voluntarily dismiss this action WITHOUT PREJUDICE;

---

[6] In this respect, the Court views with skepticism the request of the Williamson County Defendants to include as an affirmative defense in their answer Plaintiff's alleged non-compliance with Section 1915(g). *See* Docket Entry No. 70.

2) the SHP Defendants' motion to dismiss this action with prejudice (Docket Entry No. 74) be DENIED; and

3) all other motions in the action be DENIED as moot in light of the dismissal of the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

                                            BARBARA D. HOLMES
                                            United States Magistrate Judge